**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KHANG KIEN TRAN,

Defendant - Appellant.

No. 14-30238

D.C. No. 2:06-cr-00307-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Khang Kien Tran appeals from the district court's order denying his petition

for a writ of error coram nobis.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo the district court's denial of a petition for a writ of error coram

nobis, *see United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), and we

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

vacate and remand.

Tran argues that he received ineffective assistance of counsel in connection with his guilty plea, citing both *Padilla v. Kentucky*, 559 U.S. 356 (2010), and *United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005). The district court correctly concluded that Tran is not entitled to relief under *Padilla*, as that decision does not apply retroactively. *See Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013); *see also United States v. Sanchez-Cervantes*, 282 F.3d 664, 667 (9th Cir. 2002) (retroactivity framework of *Teague v. Lane*, 489 U.S. 288 (1989), applies to collateral attacks on federal convictions).

The district court did not separately address Tran's reliance on *Kwan*. Insofar as the district court rejected that argument, it did not have the benefit of our decision in *United States v. Chan*, 792 F.3d 1151, 1554 (9th Cir. 2015), which concluded that *Padilla* did not fully abrogate *Kwan*. Further, because Tran's conviction became final after *Kwan*, retroactivity concerns do not bar Tran from asserting that counsel's affirmative misrepresentations regarding the immigration consequences of his guilty plea constituted ineffective assistance. We accordingly vacate the district court's order denying Tran's petition. We remand the case to the district court to address this claim and reconsider whether Tran qualifies for coram nobis relief. In so doing, we express no opinion as to the merits of Tran's claim.

14-30238

The government's motion to supplement the record is denied as unnecessary.

**VACATED and REMANDED.**